JACOB A. AKERS, Respondent, v. RAY COUNTY SAVINGS BANK, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Corporations:** LIABILITY OF, FOR ACT OF OFFICER: RECEIVING PROCEEDS OF TRANSACTION. Where the president of a banking corporation, pretending to have authority to act for the corporation, sells its land, representing that there are more acres than there really are, collects and turns the money into the funds of the corporation, the corporation is estopped to deny the authority of its president and is liable to pay back the money wrongfully collected by him.

2. ———: DEED TO LAND: PAROL EVIDENCE. Deeds ordinarily contain the contracts of parties and the grantee must look to his deed only for relief; but where there is no deed, such rule does not obtain.

3. **Trial Practice:** DIFFERENT COUNTS: FINDING. Where the different counts of a petition are on distinct and different causes of action, the finding should designate on which count it is; but where the same subject-matter is not stated in different counts, the rule has no application.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. W. Shotwell & Son* for appellant.

The court failed to specify the count in the petition on which he based his finding and judgment, and consequently the judgment must be arrested. *Mooney v. Kennett*, 19 Mo. 551; *Clark's Adm'r v. Railroad*, 36 Mo. 215; *Potts v. Fugate*, 41 Mo. 405; *Collins v. Dulle*, 45 Mo. 269; *Begelan v. Railroad*, 48 Mo. 510; *Owens v. Railroad*, 58 Mo. 386; *Bricker v. Railway*, 83 Mo. 391.

*J. L. Farris, J. L. Farris, Jr.*, and *Craven* for respondent.

(1) Appellant is estopped from denying the validity of the conveyance, having received the proceeds of the sale. A bank is the subject of estoppel, the same as a private individual. *Schenck v. Sautter*, 73 Mo. 46; *France v. Haines*, 67 Iowa, 139; *Gordman v. Winters*, 64 Ala. 410; *Moore v. Hill*, 85 N. C. 218; *Buford v. Packing Company*, 69 Mo. 611. (2) Acceptance of benefits by contract, although made by an agent, without legal authority, etc., etc., is a ratification of a contract and renders the corporation liable to it. 1 Beach on Private Corporations, p. 335, sec. 197; *Holmes v. Board of Trade*, 81 Mo. 137. Misrepresentations of officers and agents, while acting in the scope of their authority, bind the corporation. 1 Beach on Private Corporations, page 328, section 129; *Mackay v. Bank*, L. R. 5 P. C. 394; *Weir v. Bell*, 3 Ex. Div. 238; *Weir v. Barnett*, 3 Ex. Div. 32; *Sevire v. Francis*, 3 App. Cas. 106; *Barwick v. Bank*, L. R. 2, Ex. 259; *Swift v. Jewsbury*, L. R. 9 Q. B. 301; *Heater Co. v. Heater Co.*, 32 Fed. Rep. 735. (3) Where there is but one cause of action, though set out in different counts there need be but one finding. The verdict in such cases may be general; it need not mention either count. *Lancaster v. Insurance Co.*, 92 Mo. 460; *Brownell v. Railroad*, 47 Mo. 239; *Brady v. Connelly*, 52 Mo. 19; *Owen v. Railroad*, 58 Mo. 394.

Ellison J.—This action is based on two counts—one for the breach of the covenants of warranty in a deed, whereby the defendant corporation purported to convey to plaintiff sixty-eight acres of land in Ray county, when, in fact, the land conveyed consisted of fifty-three acres only. The second count was for the

same matter, but was not based on the warranty in the deed. It is based merely on the alleged facts of plaintiff purchasing sixty-eight acres of land of defendant, at $8 per acre, in reliance upon the representation of defendant that it owned said amount of land and had conveyed the same by the deed then executed, purporting to be a general warranty deed for that number of acres; that defendant represented itself to be the owner and that it had the right to sell and convey a good title to that number of acres, whereas it only owned fifty-three acres and only conveyed to plaintiff the latter number of acres; that in consequence plaintiff paid to defendant, on the said purchase, for fifteen acres more than defendant owned, or could convey, and reckoning at $8 per acre, the price agreed upon, had paid to defendant $120, for land not owned or conveyed by defendant. The court sitting as a jury found for plaintiff and rendered a general judgment for him for $120, without specifying which count the finding and judgment was based upon.

Since we can uphold the judgment rendered in this cause without sustaining plaintiff's case as it may depend on the first count, we will disregard that count. Or, to speak more accurately, we will assume defendant's objections to the deed containing the warranty sued upon are valid. It will therefore not be necessary to examine the ground of those objections, and we will only state that they were principally based upon the fact that the deed had no corporate seal attached and was not acknowledged as by statute it should have been in case of corporation deeds. Furthermore, that, though the deed was executed by the president and cashier of the defendant bank, yet they were not authorized to execute it.

We have, then, this case: The president and cashier of a banking corporation, pretending to have authority

for the corporation and to act for the corporation, represents that the corporation is the owner of sixty-eight acres of land, with good title in fee simple, and that the corporation would sell it to plaintiff at $8 per acre and convey to plaintiff by warranty deed; that plaintiff, in reliance upon such representations, purchased the land and paid the corporation for the same —the purchase money going into the funds of the corporation; that, in fact, the corporation only owned fifty-three acres of land and had no right to convey any more than that number of acres; and, in fact, the president and cashier aforesaid, though attempting to do so, did not make a warranty deed to plaintiff on account of informalities in its execution and also from lack of authority from the bank.

On such state of facts, we think the court very properly gave plaintiff a judgment for the amount paid by him for the land which the defendant did not own and could not convey. We are not unmindful of the fact that deeds to lands ordinarily contain the contracts of the parties, and that the grantee must look only to his deed as a basis for any relief he may seek from the grantor (2 Devlin on Deeds, sec. 957); and that in case of a quitclaim deed, even though no title is conveyed to any of the land described, yet, in the absence of fraud, the consideration agreed upon must be paid, since the deed, evidencing the contract between the parties, does not contemplate that recourse may be had on the grantor, in case nothing is by it conveyed. *Phœnix Insurance Co. v. Landis*, 50 Mo. App. 119. But in the case before us, there is no deed to any of the land purchased, though the purchaser does not complain, except as to the fact of having paid defendant for more land than it owned. The case, then, is no more than this—defendant has received of plaintiff $120 for land which it did not own and did not and can

not convey. Defendant now has that amount of money, wrongfully received from plaintiff on a false representation. We see no reason why it should not make restitution.

But, it may be urged that the defendant's cashier and president had no authority to make the representation, or, indeed, to do anything connected with the land. Conceding this, the fact remains that defendant has received the money from the source aforesaid and has wrongfully appropriated it. Defendant should, under such circumstances, be estopped to deny the authority of its officers to receive the money in its behalf.

Defendant has suggested that the judgment can not stand, from the fact that there are two counts in the plaintiff's petition and the court made a general finding, without specifying which count the finding was based upon. Where the subject-matter of the causes of action are distinct and each count contains a different cause of action, the defendant's contention would be correct. But where, as in this case, the subject-matter of complaint in the different counts is the same and where a recovery on either would bar another suit on the other, the defendant's contention has no application. *Lancaster v. Ins. Co.*, 92 Mo. 460, and authorities cited.

An examination of the whole record satisfies us that we are without authority to disturb the judgment, and it is accordingly affirmed. All concur.