W. W. GRIMES, Respondent, v. W. A. SPRAGUE, Appellant.

St. Louis Court of Appeals, December 4, 1900.

1. **Account: SEPARATE FINDING: PRACTICE, TRIAL.** Where distinct accounts are filed in one suit, and the case is tried by the court sitting as a jury, there should be a separate finding of the amount due on each account.

2. ———: ———: **ARREST OF JUDGMENT: MOTION.** And a motion in arrest of judgment should be sustained for the failure of the court to make a separate finding on each account.

3. ———: ———: ———: **PERSONAL SERVICES OF COMMON LABORER: JUDGMENT, RECITALS IN: EXEMPTION: STATUTORY CONSTRUCTION: EXECUTIONS.** Section 4913, Revised Statutes 1889 requires that the court, justice or jury, trying a case

for personal services for one acting in the capacity of common laborer, if they find for the plaintiff, find what he is entitled to recover under the provisions of section 4910, within the time limited by section 4912, and that these facts shall be set forth in the judgment.

4. ———: ———: ———: PRESUMPTION: SPECIAL STATUTE. And as the proceeding under the provision of section 4910, Revised Statutes 1889 is by special statute in contravention of general law, an appellate court will not presume a finding of these essential facts by the court in support of the judgment.

5. **Personal Services of Common Laborer, Account of, not Assignable: STATUTORY CONSTRUCTION.** The privilege conferred on a common laborer by section 4910, Revised Statutes 1889, is a personal one, and is not assignable before an inchoate right of lien attaches by demand and notice, or the lien is fixed by judgment.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*Benj. J. Klene* for appellant.

(1) There is one judgment entered here on five alleged causes of action, without any specification as to how much is found against defendant on any one count. This is error. St. Louis v. Allen, 53 Mo. 44. (2) The several causes of action are so commingled as not to state a good cause as to any. By the terms of section 4913, Revised Statutes 1889, it is clear that only the person rendering the service can maintain suit. Under any view of the case, therefore, plaintiff could in this suit only recover for his individual services, and not those of other persons, if it shall be considered that he is

entitled to recover at all. The five statements filed with the cause of action show no liability on defendant's part, hence no cause of action. Drug Co. v. Johnson, 80 Mo. App. 428; Doggett v. Blanke, 70 Mo. App. 499. (3) In form, the judgment of the circuit court attempts to enter a judgment under what is now section 3166, Revised Statutes, 1899, but it does not recite that the amount due is for services authorized by that statute; neither does it recite that the services were rendered within six months prior to bringing this suit. Neither will the statement "that execution issue therefor in accordance with" said section supply the necessary elements. The judgment is therefor erroneous for this reason. Ruis v. Cooper, 63 Mo. App. 196; R. S. 1899, sec. 3169. (4) "Where a petition contains several causes of action and there is a general verdict on the whole petition in favor of plaintiff, judgment should be arrested." St. Louis v. Allen, 53 Mo. 44; Mooney v. Kennett, 19 Mo. 551; Pitts v. Fugate, 41 Mo. 405.

*B. R. Brewer* for respondent.

(1) No formal pleadings are required in a justice's court. Rhea v. Buckley Shirt Mfg. Co., 81 Mo. App. 400. (2) The plaintiff's statement is sufficient when definite enough to bar another action for the same subject. Sturdy v. Land and Cattle Co., 33 Mo. App. 44. (3) It is enough if the nature of the plaintiff's claim appear with particulars of it. 81 Mo. App. 400.

BLAND, P. J.—Plaintiff filed before a justice for suit his statement, wherein he alleged in substance that he per-

formed work and labor for defendant at his instance and request, and that his minor son, Frank Grimes, also labored for him, and that three other persons (named) labored for him; that he was the assignee of the other accounts; that all of said labor was common labor and had been performed within six months, and he prayed for special execution as provided in sections 4910 and 4913, Revised Statutes 1889. With his statement he filed five itemized accounts as follows:

## No. 1.

"Mr. Q. A. Balch, To Mooney, Dr.—With teams.
                                        November 28, 1898.
Date.

| | | |
|---|---|---:|
| 28, | 5 hours, 30 cents | $ 1.50 |
| 29, | 9 hours, 30 cents | 2.70 |
| 30, | 9 hours, 30 cents | 2.70 |
| 1, | 9 hours, 30 cents | 2.70 |
| 2, | 9 hours, 30 cents | 2.70 |
| 3, | 9 hours, 30 cents | 2.70 |
| | Total | $15.00 |
| 3rd, | by cash | 4.00 |
| | To balance | $11.00 |
| 5, | 9 hours, 30 cents | 2 70 |
| 6, | 9 hours, 30 cents | 2.70 |
| 7, | 9 hours, 30 cents | 2.70 |
| | To balance | $19.10 |

Signed.   Q. A. Balch.

No. 2.

November 28, 1898.

"Mr. Q. A. Balch,   To Frank Grimes, Dr.—With teams.

Date.

28, 9 hours, 30 cents .........................$ 2.70

29, 9 hours, 30 cents ..........................  2.70

30, 9 hours, 30 cents ..........................  2.70

 1, 6 hours, 30 cents ..........................  1.80

 2, 9 hours, 30 cents ..........................  2.70

 3, 8 hours, 30 cents ..........................  2.40
_____

Total ...................................$15.00

3d, by cash ...............................  7.00
_____

To balance ...............................$ 8.00

5, 9 hours, 30 cents ..........................  2.70

6, 9 hours, 30 cents ..........................  2.70

7, 9 hours, 30 cents ..........................  2.70
_____

To balance ...........................$16.10

Signed.   Q. A. Balch.

No. 3.

November —, 1898.

"Mr. Q. A. Balch,   To W. W. Grimes, Dr.

Date.

28, 4 hours, 12 1-2 cents .......................$  .60

29, 9 hours, 12 1-2 cents .......................  1.25

30, 9 hours, 12 1-2 cents .......................  1.25

 1, 9 hours, 12 1-2 cents .......................  1.25

 2, 9 hours, 12 1-2 cents .......................  1.25

 3, 9 hours, 12 1-2 cents .......................  1.25
_____

Total ...................................$ 6.85

Signed.   Q. A. Balch.

Grimes v. Sprague.

No. 4.

November 29, 1898.

"Mr. Q. A. Balch,   To N. Thurman, Dr.

Date.

29, 9 hours, 12 1-2 cents ....................... $ 1.25

30, 9 hours, 12 1-2 cents .......................   1.25

1, 9 hours, 12 1-2 cents .......................   1.25

2, 9 hours, 12 1-2 cents. ....................   1.25

3, 9 hours, 12 1-2 cents.....................   1.25

Total ................................ $ 6.25

3d, by cash ................................   2.50

To balance ......................................$ 3.75

5, 9 hours, 12 1-2 cents .......................   1.25

6, 9 hours, 12 1-2 cents .......................   1.25

7, 9 hours, 12 1-2 cents .......................   1.25

8, 8 hours, 12 1-2 cents .......................   1.00

To balance ............................... $ 8.50

Signed.   Q. A. Balch.

No. 5.

November 29, 1898.

"Mr. Q. A. Balch,   To Web Thurman, Dr.

Date.

29, 9 hours, 30 cents ........................... $ 2.70

30, 9 hours, 30 cents ...........................   2.70

1, 9 hours, 30 cents ...........................   2.70

2, 9 hours, 30 cents ...........................   2.70

Total ................................. $10.80

3rd, by cash ............................   ....   5 00

To balance ............................$  5.80

For hauling stumps ...........................  .70

To balance ............................$  6.50

Signed.   Q. A. Balch."

The cause went to the circuit court by appeal, where it was tried *de novo* by the court without the intervention of a jury.   The court found a lump sum of $48.96 due plaintiff, but made no separate finding on either of the five separate accounts filed with the statement.   The court rendered judgment for plaintiff and awarded execution to issue "in accordance with the provisions of section 4910, Revised Statutes 1889."   After unavailing motions for new trial and in arrest, defendant appealed.

I.   It is contended by appellant that there is no evidence to support the finding of the trial court.   The testimony of plaintiff tends to prove that the appellant paid the workmen on the work; said he was the paymaster, and would pay every cent when the work was completed (excavating 3 cellars); that Balch was the superintendent of the work and was appellant's agent, hired the men, and gave them the statements of their account filed with the suit.   Appellant's evidence tended to show that Balch took a contract from him to do the work, and that the work was done under the contract by Balch; that he (appellant) never employed any of the men on the work, never made any payments to them, and never promised to pay them, and that he had paid Balch the contract price for the work, with the exception of a few dollars.

II.   There was some evidence in support of the finding of the court.   When this is the case, it has been so often and uniformly ruled by the appellate courts of this state, that they will not interfere with the verdict of a jury or the find-

ing of the court sitting as a jury, in a law case, that the citation of decisions in support of this well-settled rule of practice would be a work of supererogation.

III.   There were five different and distinct accounts filed in the one suit.   There should have been a separate finding of the amount due on each account.   Appellant moved in arrest of judgment for this cause.   The motions should have been sustained (Pitts v. Fugate's Adm'r., 41 Mo. 405; Clark v. Railroad, 36 Mo. 202), and the overruling of the motion furnishes ground for reversal.   City of St. Louis v. Allen, 53 Mo. 44.

IV.   Section 4913, *supra*, requires that the court, justice or jury, trying this character of action, if they find for the plaintiff, find what he is entitled to recover under the provisions of section 4910, within the time limited by section 4912, and that these facts shall be set forth in the judgment. None of these facts; except the amount due the plaintiff, were found by the court, nor were they set forth in the judgment; there is therefore a want of the recital of essential facts in the judgment to authorize the award of an execution under the provisions of section 4910, and as the proceeding is by special statute in contravention of general law, we can not presume a finding of these essential facts by the court in support of the judgment, as might be done in an ordinary action at law.

V.   It is contended that the non-exemption of the property of the debtor for a labor debt due by him to a common laborer, is personal in its character and can not be transferred by the laborer to a third person by assignment.   In Brown v. Railway, 36 Mo. App. 458, it was held that chapter 47, article 4, Revised Statutes, 1879, which gave a right of lien on a railroad bed to a laborer who had done work on the roadbed, was a personal right, and not assignable.   By ana-

logy the same may be said of section 4910, and we conclude that the privilege thereby conferred on the laborer is a personal one, and that it is not assignable before an inchoate right of lien attaches by demand and notice, or the lien is fixed by judgment.

For the errors herein noted, the judgment is reversed and the cause remanded. All concur.  Judge *Biggs* in result.