Nolan v. Bedford.

JOSEPH T. NOLAN, Respondent, v. HIGGINS C. BEDFORD, Appellant.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Real Estate Brokers:** COMMISSIONS: EVIDENCE: INSTRUCTIONS.  In an action for commissions by a real estate broker, he was introducing evidence tending to show the value of his services when the defendant informed the court that there would be no controversy as to the amount of recovery, provided plaintiff was entitled to recover at all.  *Held,* plaintiff was entitled to an instruction authorizing the recovery of the amount sued for, if he was entitled to recover at all.  Instructions outlined in the opinion are held proper and usual in such cases.

2. ——: ——: ——: DIFFERENT COUNTS: ELECTION: VERDICT.  The evidence justifies the verdict and where two counts in a statement before a justice represent but one cause of action, the plaintiff is not required to elect; and a general verdict will support the judgment.

3. ———: ———: EVIDENCE: FINDING. On motion for rehearing the evidence is again reviewed and it is *held* that the judgment is for the right party.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED. ·

*J. Allen Prewitt* for appellant.

(1) The most that was shown by plaintiff's evidence was, that defendant accepted an offer to pay, as tender for $5,000 and that defendant did not take the money. This was not sufficient. Gelatt v. Ridge, 117 Mo. 560; Yoder v. White, 75 Mo. App. 155; Huggins v. Hearne, 74 Mo. App. 86; Comstock v. Lager, 78 Mo. App. 390; Henderson v. Cass Co., 107 Mo. 50; Adams v. Helm, 55 Mo. 468; School Board v. Hull, 72 Mo. App. 403; Perkins v. Headley, 49 Mo. App. 556; Deutmann v. Kilpatrick, 46 Mo. App. 624; Lee v. Dodd, 20 Mo. App. 271. (2) Conceding that the tender of plaintiff's purchaser was made under the contract and with the view to carry out his part thereof strictly according to its terms (which concession can only be made by indulging in a violent and unwarranted presumption), yet plaintiff ought not to recover because all the evidence at the time and immediately following the tender shows that defendant was ready and willing to make the proper deed and that plaintiff's purchaser was the unwilling party. Hayden v. Grillo, 35 Mo. App. 647; Hayden v. Grillo, 26 Mo. App. 289; Chipley v. Leathe, 60 Mo. App. 15; Gelatt v. Ridge, 117 Mo. 553, ante. (3) The defendant asked that plaintiff be required to elect. The court overruled this motion with the suggestion that the matter would be settled by instructions. The instructions asked by

plaintiff and given by the court, and the instructions given by the court of its own motion, ignored these material facts, which was error.   Chipley v. Leathe, 60 Mo. App. 15, ante; Seymour v. Seymour, 67 Mo. 303; Crews v. Lackland, 67 Mo. 619; White v. Chaney, 20 Mo. App. 389; Stone v. Hunt, 114 Mo. 66; Lester v. Railroad, 60 Mo. 265; Taylor v. Springfield, 61 Mo. App. 263; Straub v. Eddy, 47 Mo. App. 193.

*A. M. Ott* for respondent.

(1)   The two counts in plaintiff's petition are not inconsistent and there could be only one recovery thereunder. Hence, there was no right in the defendant to compel an. election. Judy & Co. v. Mfg. Co., 60 Mo. App. 114; Seiter v. Bischoff, 63 Mo. App. 158; Childs & Rains v. Crithfield, 66 Mo. App. 422.   (2)   The rule that there must be a separate verdict on each count of the petition, only applies where the counts are for separate and distinct causes of action, and not where they are only separate statements of the same cause of action, as in this case.   Brady v. Connelly, 52 Mo. 19; Long v. Armsby Co., 43 Mo. App. 253; Taylor v. Springfield, 61 Mo. App. 263; Akers v. Bank, 63 Mo. App. 316; Silcox v. McKinney, 64 Mo. App. 330; Moffett v. Turner, 23 Mo. App. 194.   (3) In this case, the evidence shows that plaintiff did procure the purchaser, who was willing to take the property on the terms acceptable to appellant.   The purchaser, when presented by plaintiff, was accepted by the vendor and a written contract was entered into.   The purchaser was ready, willing and able to buy.   What more could the agent do?   Upon these facts plaintiff was entitled to go to the jury.   Love v. Owens, 31 Mo. App. 501; Stinde v. Scharff, 36 Mo. App. 15; Christensen v. Wooley, 41 Mo. App. 53; Gerhart v. Peck, 42 Mo. App. 644, 651; Lemon v. Lloyd, 46 Mo. App. 452; Phister v. Gove,

48 Mo. App. 455; McDearmott v. Sedgwick, 140 Mo. 181; Bass v. Jacobs, 63 Mo. App. 393; Wetzell v. Wagoner, 41 Mo. App. 516; Finley v. Dyer, 79 Mo. App. 604; Gelatt v. Ridge, 117 Mo. 555; Realty Co. v. Realty Co., 159 Mo. 562. (4) The plaintiff having given evidence that he did business as a real estate agent and that the usual commissions allowed such agent for selling property of the character in this suit was two and one-half per cent of the purchase price, such evidence, was under the circumstances, competent, as prima facie evidence of value. Ashby v. Holmes, 68 Mo. App. 23; Kennerly v. Sommerville, 64 Mo. App. 75; Levitt v. Miller, 64 Mo. App. 147.

SMITH, P. J.—This is an action which was commenced before a justice of the peace. The statement contained two counts, in the first of which it was alleged that the defendant employed the plaintiff, a real estate broker, to sell certain land, the property of the defendant; that plaintiff, in pursuance of such employment, procured a purchaser who was ready, willing and financially able to take defendant's land, on the terms set forth in the contract of sale entered into between the purchaser so procured by the plaintiff and the defendant, and for which service so rendered the defendant agreed to pay the plaintiff one hundred and thirty dollars, etc. The allegations of the second count were the same as the first, except that it is alleged therein that the defendant agreed to pay the plaintiff the reasonable value of the latter's services, which were one hundred and thirty dollars, etc.

In the circuit court, where the cause was removed by appeal, there was a trial which resulted in judgment for plaintiff and defendant appealed here. At the conclusion of the evidence the court, at the instance of the plaintiff, instructed the jury, first, that if defendant engaged plaintiff to secure a

purchaser for his (defendant's) land, and that he (plaintiff) was the procuring cause of bringing defendant and one Parsons together who agreed on the terms of sale and that said Parsons was ready, willing and financially able to carry out his contract, then plaintiff was entitled to recover, and, second, that if the jury found for plaintiff that he should be allowed whatever commission was agreed upon not to exceed one hundred and thirty dollars, or if no definite amount was so agreed upon then he should be allowed whatever amount it should believe usual and reasonable, not to exceed one hundred and thirty dollars.

Some objection is made in the brief of defendant, to the second paragraph of said instruction on the ground that there was no evidence to justify the submission on the theory of an agreement touching the amount of the commission which plaintiff was to receive. During the progress of the trial the plaintiff had present one or more witnesses whose testimony, relating to the commission claimed, he was about to offer when the defendant stated to the court that this need not be done as no question would be made as to the *quantum* of the recovery if he should be entitled to recover at all. The plaintiff was, therefore, entitled, under the admission of the defendant, to an instruction by the court telling the jury that if they found for plaintiff to return a verdict in his favor for one hundred and thirty dollars. This part of the instruction, in view of the admissions just noticed, was not improper or in any way harmful to defendant.

The instructions requested by defendant and given by the court presented the converse theory of the case to that of the plaintiff. The correctness of these instructions, with the exceptions just referred to, is, of course, not called in question. The rule expressed by them is that which has often been approved by the appellate courts of this State, as will be seen by

reference to the numerous cases cited in the briefs of counsel.

The only question is as to whether the evidence adduced is sufficient to justify the submission of the case to the jury. An examination of the record has convinced us that it is ample for that purpose and such being the case the verdict must be regarded as conclusive on us.

The statement contains, it is true, two counts; but these state but a single cause of action on which there could be but one recovery. The plaintiff could not, therefore, be required to elect. Brinkman v. Hunter, 73 Mo. 172, and cases there cited. A general verdict for the plaintiff was sufficient to support the judgment. Lancaster v. Ins. Co., 92 Mo. 460; Akers v. Bank, 63 Mo. App. 316.

No reason is seen for disturbing the judgment, which will accordingly be affirmed. All concur.

ON MOTION FOR REHEARING.

SMITH, P. J.—After the written contract for the sale of the defendant's land had been executed, a dispute arose as to whether or not it should not have bound defendant to convey, in addition to the land, a certain roadway. After many parleys and considerable delay the defendant and the purchasers got together. They entered into a verbal agreement which had the effect to rescind and supersede the written contract. This agreement was substantially the same as that written, except that in the latter the defendant was to convey to the purchaser the roadway as well as the land. In pursuance of this agreement, Mr. Buchanan, a conveyancer, prepared a deed which was satisfactory to both parties. The defendant sent it to Kentucky, where his wife was, for her to execute. She did execute and return it. Some two weeks after this, the pur-

Vol 89 app—12

chaser, hearing nothing further from defendant, tendered him the balance of the purchase money for the land. It is not pretended that the "Buchanan deed" was tendered the purchaser at any time, or, at least, within the time required by the agreement.

It will not do to say that the purchasers were not willing to take the land or able to pay the purchase price, for it is not disputed but that they had on deposit in a solvent bank in the town in which the defendant resided at the time of the deposit, and for several months thereafter, seven thousand dollars in money. The defendant was in default. It was his fault that the transaction was not completed. What more was there for the plaintiff to do in his capacity as agent? The purchasers did not make the tender coupled with any demand outside of the agreement written or parol. It does not appear that there were any express conditions coupled with the tender. It seems to us that in any view that may be taken of the case the judgment is for the right party.