CHARLES G. SAIN, Respondent, v. P. T. ROONEY, Appellant.

Kansas City Court of Appeals, April 1, 1907.

1. PLEADING: Petition: Amended Petition: Departure: Parties. A petition and an amendment thereof are compared and the amendment is held not to constitute a departure; nor is there a defect of parties, since the obligation declared on is the separate obligation of the defendant to the plaintiff.

2. TRIAL PRACTICE: Pleading: Different Counts: General Verdict. Where the petition has several counts declaring on the same cause of action with a view to meeting the proof a general finding is sufficient since in effect it constitutes a finding on each count.

3. PLEADING: Answer: Reply: Partnership: Affidavit. An answer averred that the plaintiff was the partner of one H, with whom the defendant had settled. The reply was a general denial and unverified. Held, the partnership alleged in the answer was denied and section 746 has no application since neither plaintiff nor defendant sued or was sued as a partner.

4. PARTNERSHIP: Contract: Evidence: Profit and Loss. The fact that one agreed to divide commissions on a land sale with another is not sufficient to constitute a partnership relation, and the whole evidence relating to the existence of a partnership is reviewed and found to be insufficient, failing to establish a community of interest.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. J. McAnaw* for appellant.

(1) A finding of court must show upon which count of petition it is based, and must dispose of every count. Wells v. Adams, 88 Mo. App. 215; Grimes v. Sprague, 86 Mo. App. 245; Welsh v. Stewart, 31 Mo. App. 376; Griggs v. Deal, 30 Mo. App. 152; Adams v. Railroad, 58 Mo. 386; St. Charles v. Duel, 45 Mo. 269; Pitts v. Fugate, 41 Mo. 405; Clarks v. Railroad, 36 Mo. 202. And must dispose of every party to the record. Spalding v. Citizens Bank, 78 Mo. App. 374. (2) When a partnership is alleged in either petition or answer and the names of partners given, such allegation stands admitted unless traversed by affidavit filed with pleading. R. S. 1899, sec. 746; Richards v. McNemee, 87 Mo. App. 396; Wear Bros. v. Schmelzer, 92 Mo. App. 315; Meyer Bros. v. Insurance Co., 73 Mo. App. 166; Walker v. Point Pleasant, 49 Mo. App. 247; White v. I. O. O. F., 30 Mo. App. 682; Com. Co. v. Hunter, 91 Mo. App. 122; Haysler v. Dawson, 28 Mo. App. 531. (3) A stranger to the partnership is not held to the same strictness of proof as a partner would be. Bissel v. Ward, 129 Mo. 439; Campbell v. Hood, 6 Mo. 211; 22 Am. and Eng. Ency. Law (2 Ed.), 38; Martin v. Maxwell, 18 Mo. App. 176; Hilz v. Railroad, 101 Mo. 36. (4) There can be a partnership in even a single transaction. Hunter v. Whitehead, 42 Mo. 524; Jones v. Davis, 60 Kan. 309; Spencer v. Jones, 92 Tex. 518; Yeoman v. Lasley, 40 Ohio St. 190; Hulet v. Fairbank, 40 Ohio St. 233; Plunket v. Dillon, 4 Houst. 388; Ensign v. Wands, 1 Jon. Cas. 171; Livingstone v. Roosevelt, 4 John. 270; Post v. Kimberley, 9 John. 470; Mumford

v. Nicol, 20 John. 611; Reynolds v. Cleveland, 4 Cow. 282; Competon v. McNair, 1 Wend. 457; Bentley v. White, 3 B. Mon. 263; Mifflin v. Smith, 17 S. & R. 165; Petrefin v. Collier, 1 Pa. St. 247; Benson v. McBee, 2 McNull 91; Solomen v. Solomen, 2 Kelly 18; Ripley v. Colby, 23 N. H. 438; Fowler v. Barnekoff, 11 L. R. A. 149; Story on Partnership, p. 18, sec. 15, ch. 3; Shoemaker on Partnership, p. 146; 1 Bates on Partnership, p. 11, sec. 13; 1 Lindley on Partnership, p. 55, sec. 4; 1 Colyer, ch. 11, sec. 28, p. 46; 6 Words and Phrases, p. 5200; Tit. Partnership; 22 Am. and Eng. Ency. Law, p. 72; Leeds v. Townsend, 89 Ill. App. 646; Winsterly v. Gleyre, 146 Ill. 27; Boone v. Clark, 129 Ill. 488; Roby v. Colheur, 135 Ill. 300; Morrill v. Colheur, 82 Ill. 625; Carter v. Carter, 28 Ill. App. 340; Hurley v. Watson, 63 Ill. 260; Goldschalk v. Smith, 54 Ill. App. 344; Fawcett v. Osborn, 32 Ill. 411; Adams v. Funk, 53 Ill. 219; Snell v. Deland, 43 Ill. 323; Galbreath v. Moore, 2 Wats. 86; Dart v. Walker, 3 Daly 136; Mason v. Seidlitz, 22 Colo. 320; Kingsbury v. Fleck, 61 Mich. 216.

*Hewitt & Hewitt* for respondent.

(1) There was but one contract testified to by either appellant or respondent, and that contract was, that Sain was to have for his commission, all the farm was sold for above nine thousand dollars. (2) Authorities cited under appellant's point one are not in point for the reason that these were cases wherein two or more causes of action were included in different counts, and not where one cause of action was stated in different counts. (3) Appellant's authorities cited under two are not in point. The statute relied upon by appellant is too plain to be misunderstood. (4) We are clearly of the opinion, and we think this court will agree with us that the appellant has misconceived his case, for the reason that the rules promulgated by the various au-

thorities cited, do not apply under the pleadings and facts in this case.

JOHNSON, J.—Action by a real estate agent against his principal to recover commissions earned in the sale of a farm. A trial before a jury resulted in a verdict for defendant, but this was set aside on motion for new trial. The parties then stipulated to waive a jury and to submit the cause to the trial judge "upon the record and evidence heretofore made in said cause." On the hearing anew, the court entered judgment in favor of plaintiff in the sum of six hundred ninety-six and twenty-five one-hundredths dollars, and defendant appealed.

In the early part of June, 1903, L. S. Hurd, a real estate agent in Cameron, received a letter from J. W. Monroe, a similar agent doing business in Grinnell, Iowa, in which the writer stated he had a customer who desired to purchase a farm of specified size and description located in the vicinity of Cameron. Hurd, knowing of no such farm that was for sale, exhibited the letter to plaintiff and the ensuing conversation is thus stated by plaintiff:

"He (meaning Hurd) invited me over to his office. . . . I went to his office with him. He showed me this letter and says, 'If you think you can suit him, you had better write to him I have got nothing to fill the bill, I don't believe.' I sat down and wrote the letter. Q. What, if anything was said at that time about a partnership or a division of the fees? A. There never was anything said about a partnership. Q. Well, about the fees? A. Not at any time or place. Q. Was anything said about dividing the fee in case you sold the farm? A. No, sir."

Plaintiff then went to defendant, Rooney, who owned a farm in the vicinity of Cameron and entered into a contract with him by the terms of which plain-

tiff was employed as the agent of Rooney to sell the farm, and for his services, was to receive the excess, if any, of the selling price over the sum of nine thousand dollars. Plaintiff then returned to Hurd's office, and with his permission, answered Monroe's letter in Hurd's name. Further correspondence followed, with the result that Monroe appeared in Cameron with his customer, a Mr. Roth, and sought out Mr. Hurd who in turn introduced them to plaintiff. The latter procured a conveyance, took Monroe and Roth therein to the farm, and a sale was agreed on at the price of $10,392.50. A deed was executed and delivered to the purchaser in due time, a partial payment was made on the purchase price, but the final payment was not made until some months later. Defendant, Rooney, acknowledged his liability to pay the sum of $1,392.50 as commissions, but agreed with plaintiff and Monroe that payment thereof should not be made until the purchaser had fully paid the purchase price of the farm.

Previously, it had been agreed between plaintiff and Monroe that each should receive one-half of the commission. Rooney, not knowing that Hurd had any connection with the transaction, at the request of plaintiff, executed and deposited with the First National Bank of Cameron, on the day the sale was made, the following written obligation to pay the commissions: "To whom it may concern: I hereby acknowledge myself indebted to J. W. Monroe of Grinnell, Iowa, and Charles G. Sain of Cameron, Missouri, in the sum of six hundred, ninety-six and twenty-five one-hundredths dollars each to be paid to said J. W. Monroe and C. G. Sain when W. C. Roth of Tama, Iowa, pays for the farm I have this day sold to said W. C. Roth and said farm is located in Daviess county, Missouri. And in the event of the failure of the said W. C. Roth to take and pay for said farm, this agreement to become null and void.

Collection of the above is to be made and remitted by the First National Bank of Cameron, Missouri."

The purchase price of the farm was fully paid in the following February. Shortly thereafter, the sum of $696.25 was paid by Rooney to the bank and remitted to Monroe in payment of his half of the commission. In the meantime, Hurd advanced the claim that he and plaintiff were equal partners in the transaction, and employed counsel to assist him in procuring half of the commission belonging to Sain under the instrument above copied. His attorney succeeded in inducing Rooney to pay the whole sum of $696.25 to him on the representation that, as the attorney employed by one of the partners, he had the right to demand and receive the whole amount due the partnership, and on the execution and delivery to Rooney of a bond to indemnify him against loss in thus disposing of the money. All of this was done without the consent of plaintiff, who had at all times denied that Hurd had any interest in the commission.

When the suit was brought, Rooney and Monroe were joined as parties defendant. It was alleged in the petition "that the defendant, P. T. Rooney, was at the time of making the agreement and promises hereinafter referred to, the owner of a farm in Daviess county, Missouri, which he was desirous of selling; said Rooney, on the twenty-second day of June, 1903, being so desirous, promised and agreed to pay said Charles G. Sain and J. W. Monroe ($1,392.50) thirteen hundred ninety-two and fifty one-hundredths dollars, provided one W. C. Roth of Tama, Iowa, whom said Sain and Monroe had induced to contract with said Rooney to purchase said farm, should finally consummate said purchase and pay for said farm. Plaintiff says that said Roth did on or about the first day of March, 1904, consummate the said contract or agreement by purchasing said farm and paying said Rooney therefor, and there-

upon said Rooney became indebted to said plaintiff and defendant, Monroe, in the sum of thirteen hundred ninety-two and fifty one-hundredths dollars, or six hundred ninety-six and twenty-five one-hundredths dollars to each of them. Plaintiff says that defendant Monroe is hostile towards this plaintiff and refuses to be joined as plaintiff herein, therefore he is joined as defendant, he being a necessary party to said cause of action.

"Wherefore, by reason of the promises aforesaid, defendant Rooney stands indebted to, and there is now due and owing plaintiff the sum of thirteen hundred ninety-two and fifty one-hundredths dollars, one-half to the use of said Monroe, for which sum of thirteen hundred ninety-two and fifty one-hundredths dollars he prays judgment," etc.

Afterward, plaintiff dismissed Monroe from the action and filed an amended petition in two counts. In the first, it is alleged "that defendant being the owner of a farm . . . promised and agreed with plaintiff to allow plaintiff, as a commission for sending a purchaser for said farm, to whom defendant should sell said farm, all that plaintiff might be instrumental in selling said farm for, over and above fifty-five dollars per acre. That plaintiff, in pursuance of said agreement, produced W. C. Roth and introduced him to defendant, to whom defendant sold said farm for the sum of thirteen hundred ninety-two and fifty-one hundredths dollars in excess of fifty-five dollars per acre, and defendant then and there became indebted to plaintiff in the sum of thirteen hundred ninety-two and fifty one-hundredths dollars; that defendant has paid one-half said sum, viz.: six hundred ninety-six and twenty-five one-hundredths dollars, but refuses to pay the balance of said sum, viz.: six hundred ninety-six and twenty-five one-hundredths dollars, for which plaintiff prays judgment," etc.

In the second count, the cause of action is stated in

this wise: "That defendant, on the twenty-second day of June, 1903, agreed to pay plaintiff and one J. W. Monroe, six hundred ninety-six and twenty-five one-hundredths dollars each, provided one W. C. Roth of Tama, Iowa, whom plaintiff and said Monroe had induced to contract with Rooney to purchase said farm, should said Roth consummate said contract and pay for said farm. Plaintiff says that said Roth did, on or about the first of March, 1904, consummate said contract by purchasing said farm and receiving deed therefor, and paying said Rooney for the same, and thereupon said Rooney became indebted to this plaintiff and said Monroe each in the sum of six hundred ninety-six and twenty-five one-hundredths dollars. Plaintiff says that defendant refuses to pay him said sum or any part thereof, although the same is long past due and owing plaintiff by defendant, for which sum of six hundred ninety-six and twenty-five one-hundredths dollars . . . plaintiff prays judgment," etc.

The answer of defendant to plaintiff's amended petition, in addition to a general denial and a plea of a defect of proper parties to the action, contains the allegations that plaintiff and Hurd were copartners and that defendant paid the amount of the commissions due said partnership to their attorney. Another defense is interposed, but no evidence was adduced to support it, and therefore, it is unnecessary to state it here. The reply of plaintiff was not verified and is in form a general denial.

We do not agree with the contention of defendant that the amended petition embraces an entirely different cause of action from that pleaded in the original petition, nor that there is a defect of proper parties plaintiff. There is nothing to indicate in either of these pleadings that plaintiff intended to charge the existence of a partnership relation between him and Monroe. It is very clear that the cause of action asserted through-

out was predicated on the fact that plaintiff, though one of two promisees with respect to the entire commission defendant was to pay, was the sole promisee of a one-half part thereof, and not merely the owner of an undivided one-half of the whole. This is the theory of the original petition, and of the second count in the amended petition.

It is true that in the first count of the latter petition, plaintiff treats himself as the sole promisee of the whole commission but the causes of action pleaded in the two counts are each based on the failure of defendant to pay what he had agreed to pay plaintiff as sole promisee, and therefore, the two counts should be treated as different statements of the same cause of action, made for the purpose of meeting possible different phases of proof. On this theory Monroe, who was the sole promisee of defendant with respect to the other half of the commission, was not a necessary party to this action, and was properly dismissed therefrom. The obligation of defendant to Monroe afforded a separate and distinct cause of action from that inuring in favor of plaintiff.

What we have said disposes also of the objection that the judgment is fatally defective because there was no finding made on each count of the petition. The rule is well settled that where different causes of action are pleaded in separate counts of a petition, there must be a separate finding on each count. [Mooney v. Kennett, 19 Mo. 552; Welsh v. Stewart, 31 Mo. App. 376; Grimes v. Sprague, 86 Mo. App. 245; Wells v. Adams, 88 Mo. App. 215.] But it is just as well settled that a single cause of action may be made the subject of two or more counts for the purpose of meeting different phases of proof. [O'Neill v. Blase, 94 Mo. App. 655; Hess v. Gansz, 90 Mo. App. 443; Zellars v. Water & Light Co., 92 Mo. App. 114; Hazell v. Clark, 89 Mo. App. 78.] And where but one cause of action is pleaded,

there is no reason for a separate finding on each count. A single finding on all of them in favor of plaintiff fully disposes of the cause of action, and in effect, constitutes a finding on each count thereof. [Nolan v. Bedford, 89 Mo. App. 172.]

At the conclusion of the evidence, defendant unsuccessfully requested the court to declare as a matter of law "that under the pleadings the partnership stands admitted and that defendant is not compelled to produce evidence thereof." Had this declaration been given, the court would have been compelled to enter judgment in favor of defendant, since it was shown beyond dispute that he had paid the half of the commission belonging to plaintiff to the attorney employed by Hurd to act for the alleged partnership in collecting it. The point is made that as the fact of the existence of a partnership relation was alleged in the answer and was not denied under oath in the reply, it stands admitted, under the provisions of section 746, Revised Statutes 1899, which provides "where plaintiffs or defendants sue or are sued as a partnership, and the names of the several partners are set forth in the petition or answer, it shall not be necessary to prove the fact of such . . . partnership, unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause." The present case does not fall within the operation of the statute. Neither plaintiff nor defendant sued or was sued as a partner. The cause of action alleged by plaintiff ignored entirely the claim that Hurd was in partnership with plaintiff. It was based on defendant's alleged promise to plaintiff alone. The averment in the answer of payment to a partner of plaintiff was a matter of defense, and in no sense can be considered as a statement of a cause for affirmative relief against plaintiff. The unverified reply of plaintiff was sufficient to put in issue the fact of the existence of the alleged partnership.

Finally, it is urged by defendant that the court erred in refusing to give declarations of law requested by him of which the following is a fair example:

"The court declares the law to be that if it appears from the evidence that plaintiff Sain and one L. S. Hurd were partners in selling the land mentioned in plaintiff's petition, or the Rooney farm in Daviess county, Missouri, and that by the terms of said agreement or partnership, said Sain and Hurd were to divide one-half of the commission equally between them, and the evidence further shows that Hurd authorized one J. J. McAnaw to collect said commission from the defendant, Rooney, and that said McAnaw did collect the same, then the finding should be for the defendant."

The gist of these instructions is that if the evidence in its entirety shows the existence of a partnership relation between plaintiff and Hurd, the payment of the sum due the partnership by defendant to one of the partners would discharge his liability. The answer to the argument advanced in support of them is that defendant failed to disclose by any substantial evidence the existence of a partnership relation. Hurd does testify that he was in partnership with plaintiff in the transaction, but with the terms of the alleged agreement in evidence, that statement should be treated as a conclusion devoid of probative value. Further, he testifies that plaintiff agreed to divide his commission with him in case a sale was made, and that he introduced plaintiff to Monroe and Roth as his partner, but the question of whether or not a partnership relation was established between the parties is to be determined by the terms of the agreement made by them and the nature of the transaction, rather than by what they called themselves. We readily concede that a single transaction may be made the subject of a partnership agreement, but, giving full weight to the evidence of defendant, the fact that plaintiff agreed to divide his commission with Hurd, of itself,

is not sufficient to disclose an intention of the parties to such agreement to constitute a partnership relation between them. No losses or expenses were contemplated or involved. They simply agreed that they would render services in an enterprise they were to undertake, and that plaintiff should compensate Hurd by giving him one-half of the commission earned. This was nothing more than a contract of employment with plaintiff in the role of employer. [Gottschalk v. Smith, 156 Ill. 377.]

Moreover, as was aptly said in Newberger v. Friede, 23 Mo. App. 631: "A mere participation in the profits and losses of a business does not necessarily create a partnership. There must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property — a right which, upon the dissolution of the partnership by death of one, passes to the survivor, and not to the representatives of the deceased." [Kellogg Newspaper Co. v. Farrell, 88 Mo. 594.] No such community of interest is disclosed by defendant, and we must hold with the learned trial judge that he utterly failed to sustain his burden of showing that plaintiff and Hurd were partners in the transaction.

This being so, it follows that the payment of the commission to the attorney of Hurd did not absolve defendant from the performance of his obligation to plaintiff. The record shows the case was fairly tried, and we are satisfied the judgment is for the right party. Accordingly, it is affirmed. All concur.