### Rollin Williams, Appellee, v. Orion Coal Company, Appellant.

1. VERDICTS—*when failure to predicate upon particular count does not vitiate.* Where a jury by their verdict under instructions of the court specify under which counts it is predicated, and fail to pass upon one count, the verdict is not vitiated,—the various counts being predicated not upon different but upon the same cause of action.

2. MINES AND MINERS—*when verdict finding wilful violation set aside.* A verdict which finds a wilful violation under the Mines and Miners Act will be set aside if manifestly against the weight of the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

BLAND & CAVE and I. R. SPILMAN, for appellant.

GEORGE W. DOWELL and M. C. COOK, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opin-ion of the court.

Appellee recovered a judgment for the sum of $650 damages as compensation for an injury occasioned by a fall from the roof in appellant's mine in which he was employed as a miner.

There were four counts in his declaration alleging in each a distinct wilful violation of the statute which resulted in his injury but it is clear that each count was based upon the same injury and that the four counts were the pleader's different statements of the same cause of action.

The trial court directed the jury if it should find appellant guilty, to specify upon which count or counts of the declaration it so found, and the jury returned a verdict finding the appellant guilty on the first three counts and made no finding on the fourth count. The direction was unnecessary as under the present practice one good count in a declaration, if proven, is sufficient to sustain a general verdict. It is claimed that no finding on the fourth count having been made, the judgment on the verdict was erroneous and the case of Semple v. Hailman, 3 Gil. 131, is cited as authority. In that case the declaration contained four counts each declaring upon a different writing obligatory. There were four different causes of action between the same parties declared upon. Issues were joined on all the counts and it was held that a verdict on three of the counts and no finding upon the fourth was not good and it was error to render judgment upon it for the reason as stated, that "a verdict which finds part only of the issue is void as to the whole." The finding and judgment in that case were no bar to the cause of action alleged in the fourth count upon a separate writing obligatory.

In this case the several counts being for the same and not different causes of action, a verdict and judgment on a portion of the counts would be a bar to a recovery on the remainder. There was no error in holding the verdict in this respect sufficient. Akers v. Ray Co. Savings Bank, 63 Mo. App. 316; Spencer v. New York, etc., R. Co., 62 Conn. 242.

In the first count of the declaration it was averred it was the duty of the appellant to have its mine examined every morning for dangerous and unsafe con-

ditions; that near the mouth of room twelve on the twelfth south entry, there were loose rock, slate and other material which were dangerous; that appellant wilfully failed to examine it, and that while appellee was engaged there as a miner it fell upon him. The second count avers the duty to examine and mark a dangerous place and wilful failure, whereby appellee was injured by a fall from the roof, and the third count charges the duty to examine where men are expected to pass or to work, to mark the dangerous places as notice to keep out, and allow no one to enter the mine to work while such dangerous conditions exist, except under the direction of the mine manager, and a wilful failure to perform the duty.

The mine examiner did not mark the place on the morning of the day of the accident, and appellee was allowed to enter the mine.

The main contention of appellant is that there were no dangerous conditions in the place where the injury occurred at the time the mine was examined and that such conditions arose afterwards by appellee taking the coal out during the day of the accident thereby allowing the slate which fell upon him, thus unsupported to fall, while appellee contends the dangerous piece of slate was at the time the mine was examined in the morning unsupported, and was then a dangerous condition and that such place should have been marked and that appellee should not have been permitted to enter the mine until such condition had been made safe except under the direction of the mine manager.

The fair preponderance of the evidence should show the breach of duty alleged in one or more of the first three counts of the declaration was the proximate cause of appellee's injury; that the dangerous place complained of was the thing that caused the injury.

The testimony of appellee was that at the place where the fall occurred, he was working out a piece of bottom coal and fixing to set a prop when the piece

of slate fell upon him; that the place was then dangerous, but he says the piece of slate was not there the day before, was not showing, was not loose. The evidence shows satisfactorily that appellee's working place (in the sense that such place included the room, entry and a crosscut) was dangerous, or had dangerous places in it, but upon a careful examination of all the evidence we are unable to find sufficient evidence that the place from which the piece of slate fell was at the time of the examination dangerous and unsafe. He says himself it was not showing, not loose the day before. Witnesses introduced by appellant testify that they saw a slip there, slate hanging in the slip, but they do not state it was before the examination of that morning. An affidavit for continuance on account of a witness Nevills, read as his testimony, stated that Nevills if present would testify that he was working in the entry in plain view of appellee on the day of his injury and saw him remove the coal from under the piece of slate and leave it in the condition which caused it to fall. This statement is nowhere denied by appellee. If this is true, the dangerous condition which caused the injury did not exist at the time of the examination in the morning and the breach of duty alleged in the first three counts was not the proximate cause of appellee's injury. We have gone over all the testimony in this record including appellee's heretofore referred to, with care, and find the manifest weight of the evidence shows the dangerous condition which caused appellee's injury did not exist at the time of the examination of the mine in the morning. For this reason the court should have awarded a new trial and it was error to refuse it. The breach of duty in failing to furnish props alleged in the fourth count is not before us for review.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*