COMMERCIAL JEWELRY COMPANY, Appellant,
v. E. H. HITE, Respondent.

**Kansas City Court of Appeals, January 22, 1912.**

ABSTRACT: Appeal from Justice Court. Where a case is begun
before a justice of the peace and neither the abstract nor the
transcript shows that any appeal was taken to the circuit court;
or that any papers relating to the case were ever filed in the
latter court, the appeal to the court of appeals will be dis-
missed.

Appeal from Jackson Circuit Court.—*Hon. Thomas
J. Seehorn,* Judge.

AFFIRMED.

*Ben R. Estill* for appellant.

*Walter Buick* for respondent.

ELLISON, J.—This action is on an account for
jewelry sold to defendant by plaintiff. It was begun
before a justice of the peace and seems, in some way,
to have gotten before the circuit court, for it was tried
there and a judgment rendered for the defendant,
when plaintiff appealed to this court. There is noth-
ing in the abstract to indicate that the case was tried
in the justice court, nor is there anything to show that
an appeal was taken to the circuit court, or that any
papers in a cause were filed in the latter court. Noth-
ing at all is said on the subject of appeal from the
justice. The transcript is in the short form and it,
also, is silent as to an appeal from the justice. In-
deed, there is nothing in the transcript to indicate that
the case was ever before a justice of the peace.

The appeal will be dismissed. All concur.

161 App.—30

PER CURIAM.—Plaintiff has asked that we treat the case as though it was shown to have been duly begun before a justice of the peace and duly appealed to the circuit; and to consider whether the verdict can be sustained on the record. We have concluded to do so.

Defendant insists that plaintiff has no standing and that the verdict and judgment on the evidence was necessarily for the right party. This insistence on defendant's part is based on a total failure of proof of any title in plaintiff to the account upon which the action is based. Plaintiff's statement of its cause of action is that the goods were purchased of a partnership composed of Henry L. Roberts and Albert E. Ziehme, doing business under the name and style of the "Commercial Jewelry Co.," and that the account, thus made for such goods, was duly assigned to plaintiff, a corporation organized under the laws of Illinois, and was now owned by plaintiff. This was denied by defendant's answer and there is no evidence to sustain plaintiff's statement. There is a total failure of proof that Henry L. Roberts and Albert E. Ziehme were partners; or that they assigned the account to the plaintiff. The only evidence on that subject was contained in the deposition of one John P. King, as follows: "I live in Chicago, Illinois, and am vice-president and treasurer of plaintiff company. August 20, 1909 (the day the account was made with defendant) the plaintiff was a copartnership and at the present time is a corporation chartered under the laws of Illinois. In October, 1909, the partnership was incorporated and it took over all the assets and liabilities of the partnership." That is not evidence that the account in suit was a part of what plaintiff "took over." Nor is it evidence that "the partnership" is the partnership composed of Roberts and Ziehme, as stated in the petition. The

case is therefore left without proof of title to the account in suit being in the plaintiff.

Plaintiff can get no help from the statute (Sec. 1985, R. S. 1909), for while the answer denying the assignment and the partnership, is not under oath, an oath is not required by that statute except when the action is by or against the partnership (Sain v. Rooney, 125 Mo. App. 176; Drumm-Flato Com. Co. v. Summers, 89 Mo. App. 300), and it is neither for nor against a partnership in this case. Plaintiff did not make out a case and the court would have been justified in granting the peremptory instruction asked by defendant. The judgment is affirmed.